FILED
8/31/2021 8:01 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Consuelo Gomez



**2 CITS PPS**

**2021CI18377**

CAUSE NO. _____

| | | |
|---|---|---|
| TARA DIGIACOMO | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | BEXAR COUNTY, TEXAS |
| | § | |
| LJT TRUCKING INC. AND | § | |
| CARLOS ALEMAN | § | Bexar County - 408th District Court |
| | § | |
| Defendants. | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF THIS COURT:**

NOW COMES, Tara DiGiacomo, Plaintiff, complaining of defendants LJT Trucking Inc. and Carlos Aleman (collectively referred to as "Defendants"), and for causes of action, respectfully shows:

**I.**

**DISCOVERY CONTROL PLAN**

1. Discovery in the matter may be conducted under Level 3 of the Texas Rules of Civil Procedure.

**II.**

**JURISDICTION AND VENUE**

2. The claims asserted arise under the common law of Texas. This Court has jurisdiction and venue is proper because all or a substantial part of the events or omissions giving rise to this claim occurred in Bexar County, Texas. Plaintiff seeks monetary relief over $1,000,000.00.

## III.

## PARTIES

3. Plaintiff is a resident of Texas.

4. Defendant LJT Trucking Inc. ("Defendant Company") is a foreign corporation doing substantial business in Texas. Defendant may be served with process through its registered agent, Cinthya Stefani Salgado, at 5600 W 13 Court, Hialeah, Florida 33012.

5. Defendant Carlos Aleman ("Defendant Driver") is an individual residing in Florida. Defendant may be served with process personally at 15803 NW 47th Avenue, Opa Locka, Florida 33054 or wherever Defendant may be found.

## IV.

## FACTS & CAUSES OF ACTION

6. This lawsuit is necessary as a result of personal injuries suffered by Plaintiff in a commercial-motor-vehicle collision on or about July 19, 2020, in Bexar County, Texas. At that time, Defendant Company, LJT Trucking Inc., tasked its agent, Defendant Driver, Carlos Aleman, to operate a commercial motor-vehicle. Defendant Driver then attempted a left turn from an improper lane in front of Plaintiff causing a collision. The force of the collision caused Plaintiff to suffer severe neck, back, and other bodily injury. Plaintiff continues to receive medical treatment for these injuries.

7. Whenever in this petition it is alleged that Defendant did or failed to do any act or thing, it is meant that the Defendant's governing body, directors, officers, agents, servants, employees and/or other representatives and/or independent contractors subject to its control, did or failed to do any act or thing and that, at the time such conduct occurred, it occurred with the authorization and/or ratification of Defendant and/or was done in the normal and routine course and scope of employment or agency of the Defendant, and/or pursuant to the Defendant's direction and control.

Copy from re:SearchTX

8. In the event any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misnomer" and/or such parties are/were "alter egos" of parties named herein. Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

**V.**

**CAUSES OF ACTION**

**A.    Negligence Against Defendant Company and Defendant Driver**

9. Plaintiff repeats and realleges each allegation contained herein.

10. Plaintiff sustained injuries as a direct and proximate result of Defendant Company and Defendant Driver's negligence and gross negligence when Defendants:

- Failed to control the vehicle's speed;
- Failed to yield the right-of-way;
- Failed to keep an assured-clear distance;
- Failed to properly inspect the vehicle prior to operation;
- Failed to maintain control of the vehicle;
- Failed to remain in a single lane of traffic;
- Failed to keep a proper lookout;
- Failed to operate the vehicle safely;
- Failed to timely apply the brakes to in order to avoid the collision in question;
- Failed to take evasive action in order to avoid the collision;
- Failed to exercise appropriate caution given traffic conditions;
- Failed to exercise appropriate caution given road conditions;
- Violated applicable, local, state, and federal laws and/or regulations; and

Copy from re:SearchTX

- Other acts so deemed negligent.

11. Defendants owed a duty consistent with the foregoing and breached each of the foregoing duties. These breaches were both the cause in fact and proximate cause of Plaintiff's injuries. As a result of Defendants' negligence, Plaintiff suffered severe physical injury. Plaintiff is entitled to recover for their injuries. Defendants' actions were done with a reckless disregard to a substantial risk of severe bodily injury. As such, Plaintiff is entitled to exemplary damages.

**B.   Negligence Per Se Against All Defendants**

12. Plaintiff repeats and realleges each and every allegation contained herein.

13. Plaintiff sustained injuries as a direct and proximate result of Defendant Company and Defendant Driver's negligence *per se* when Defendants:

- Violated Texas Transportation Code, Section 544.007;
- Violated Texas Transportation Code, Section 545.401;
- Violated Texas Transportation Code, Section 545.4251;
- Violated Texas Transportation Code, Section 545.060;
- Violated Texas Transportation Code, Section 545.061;
- Violated other applicable, local, state, and federal laws and/or regulations; and
- Other acts so deemed negligent *per se*.

14. Plaintiff is a member of the class that the aforementioned code sections, laws, and/or regulations were designed to protect. Defendant Company and Defendant Driver's unexcused breach of the duties imposed by said code sections proximately caused Plaintiff's injuries described herein.

**C.   Plaintiff's Claims of Respondeat Superior Against Defendant Company**

15. Plaintiff repeats and realleges each and every allegation contained herein.

16. At the time of the occurrence and immediately prior thereto, Defendant Driver:

- Was within the course and scope of his employment with Defendant Company;

Copy from re:SearchTX

- Was engaged in the furtherance of Defendant Company's business;
- Was engaged in accomplishing a task for Defendant Company;

17. Plaintiff therefore invokes the doctrine of *Respondeat Superior* against Defendant Company.

### D. Plaintiff's Claims of Agency Against Defendant Company

18. Plaintiff repeats and realleges each and every allegation contained herein.

19. At and during the time of the acts and/or omissions complained of herein, any acts and/or omissions of any such agent, representative, or employee of Defendant Company occurred within the scope of the actual or apparent authority of such person on behalf of Defendant Company. Therefore, Defendant Company is liable to Plaintiff for the acts and/or omissions of any such agent, representative, or employee complained of herein by virtue of such agency relationship.

### E. Negligent Hiring Against Defendant Company

20. Plaintiff repeats and realleges each and every allegation contained herein.

21. Plaintiff sustained injuries as a result of Defendant Company's negligent hiring because of Defendant Company's:

- Failure to conduct a reasonable and adequate interview of Defendant Driver as a potential employee;
- Failure to properly follow up on information not provided by Defendant Driver in the interview process;
- Failure to conduct a proper employment and background check;
- Failure to sufficiently investigate Defendant Driver's training, prior employment, criminal records, and past;
- Failure to conduct the required screening, testing, and physical of Defendant Driver;
- Failure to adopt proper policies and procedures regarding the interview and hiring of potential employees; and/or
- Such other acts of negligence as may be shown in the discovery and trial of this cause.

Copy from re:SearchTX

**F.     Negligent Training Against Defendant Company**

22.     Plaintiff repeats and realleges each and every allegation contained herein.

23.     Plaintiff sustained injuries as a result of Defendant Company's negligent training because of Defendant Company's:

- Failure to explain and demonstrate its safety policies and procedures to Defendant Driver

- Failure to provide the necessary training to Defendant Driver regarding driving the vehicle, vehicle safety, safety classes, how to properly and safely load the vehicle, how to properly inspect the vehicle, how to properly and safely drive the vehicle, the proper method to maintain the vehicle, the proper way and necessity of keeping the vehicle clean and in proper working order, and in all matters regarding the proper and safe operation of the vehicle and the maintenance of the vehicle;

- Failure to train Defendant Driver in all aspects of driver safety;

- Failure to train its employees, including Defendant Driver, regarding safe and proper operation of a vehicle such as a person and/or company of ordinary care would have done in the same or similar circumstance;

- Failure to provide and/or require follow-up driver education; and

- Such other acts of negligence as may be shown in the discovery and trial of this cause.

**G.     Negligent Supervision, Retention, and Monitoring Against Defendant Company**

24.     Plaintiff repeats and realleges each and every allegation contained herein.

25.     Plaintiff sustained injuries as a result of Defendant Company's negligent hiring because of Defendant Company's:

- Failure to monitor Defendant Driver to make sure Defendant Driver was complying with policies and procedures;

- Failure to interview and test Defendant Driver to make sure Defendant Driver had read, was familiar with, understood, and followed the company policies and procedures;

- Failure to implement proper policies and procedures for its employees, including Defendant Driver, regarding driver safety and vehicle safety;

- Failure to supervise Defendant Driver to ensure that Defendant Driver was keeping his vehicle properly maintained; and

Copy from re:SearchTX

- Such other acts of negligence as may be shown in the discovery and trial of this cause.

**H.     Negligent Entrustment Against Defendant Company**

26.     Plaintiff repeats and realleges each and every allegation contained herein.

27.     Plaintiff sustained injuries as a result of Defendant Company's negligent entrustment because Defendant Company: provided a vehicle and or authority to Defendant Driver, who was not properly trained, and did not have the proper education, background, training, or experience to safely operate the vehicle, and who was an incompetent and/or reckless driver.

**I.     Negligent Maintenance Against All Defendants**

28.     Plaintiff repeats and realleges each and every allegation contained herein.

29.     Plaintiff sustained injuries as a result of Defendants' ill-maintained vehicle. This vehicle and its equipment was hazardous and/or dangerous; it constituted an increased level of hazard and/or danger to the safety of others by reason of its condition, size, lack of safety features, and/or lack of maneuverability. Therefore, each and every Defendant named, in addition to their agents, employees, servants and representatives acting on behalf of said Defendants, had a duty to exercise extraordinary care and due caution in the record keeping, inspection, service, maintenance, repair, improvement, loading, securing and operation of the vehicle, so as not to constitute an unreasonable hazard to others. Said activity involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and of which Defendants had actual, subjective awareness of the risk involved. In addition, or in the alternative, Defendants, or agents, employees, servants and representatives acting on behalf of said Defendants, had a duty to keep records, inspect, service, maintain, repair, load, secure and operate the vehicle in a reasonable and prudent mariner while exercising ordinary care or due caution.

**J.     Negligent Contracting Against Defendant Company**

30.     Plaintiff repeats and realleges each and every allegation contained herein.

Copy from re:SearchTX

31. Plaintiff sustained injuries as a result of Defendant Company's negligent contracting with Defendant Driver because of Defendant Company's:

- Failure to conduct a reasonable and adequate interview of Defendant Driver as a potential contractor;
- Failure to properly inspect Defendant Driver's safety record;
- Failure to properly inspect Defendant Driver's safety policies and procedures;
- Failure to properly inspect Defendant Driver's hiring policies and procedures; and
- Failure to properly inspect Defendant Driver's maintenance policies and procedures.

## VII.

## DAMAGES

32. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff was caused to suffer severe personal injuries, bodily injury, physical impairment, loss of household services, pain, suffering, and mental anguish. Due to the significance of these injuries, Plaintiff seeks damages in excess of $1,000,000.00. Specifically, Plaintiff prays for relief and judgement as follows:

- Compensatory damages against Defendants;
- Actual Damages;
- Past and future medical and pharmaceutical expenses;
- Past and future physical pain and suffering;
- Past and future mental anguish;
- Past and future impairment;
- Past and future disfigurement;
- Past and future loss of earnings;
- Past and future lost earning capacity;
- Interest on damages (pre and post-judgement) in accordance with the law;
- Costs of Court;

Copy from re:SearchTX

- Costs of copies of depositions; and
- Numerous other out-of-pocket expenses.

## VIII.

## JURY DEMAND

33. Plaintiff hereby demands a trial by jury.

## IX.

## PRAYER

Plaintiff prays that this citation issue and be served upon Defendants in a form and manner prescribed by law, requiring that Defendants appear and answer, and that upon final hearing, Plaintiff have judgment against Defendants in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment interests, all costs of Court, actual and consequential damages allowed by law, exemplary damages, and all such other and further relief, to which Plaintiff may be justly entitled.

Respectfully submitted,

**ALFORD & CLARK PLLC**

*/s/ Willard W. Clark III*
Willard W. Clark III
SBN: 24087307
Jacob R. Alford
SBN: 24088856
Amanda L. Hazleton
SBN: 24076077
Ryne C. Bazan
SBN: 24106635
4538 Walzem Road
San Antonio, Texas 78218
Telephone: (210) 951-9467
Facsimile: (800) 347-1865

**For electronic service:**
serviceclark@injuredtexan.com

**ATTORNEYS FOR PLAINTIFF**

Copy from re:SearchTX

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Willard Clark on behalf of Willard Clark
Bar No. 24087307
serviceclark@injuredtexan.com
Envelope ID: 56847979
Status as of 9/1/2021 8:52 AM CST

Associated Case Party: Tara DiGiacomo

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Willard WClark | | serviceclark@injuredtexan.com | 8/31/2021 8:01:31 PM | SENT |

Copy from re:SearchTX